[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 13, 2009
THOMAS K. KAHN
CLERK

No. 08-11768
Non-Argument Calendar

_____

D. C. Docket No. 07-00224-CR-J-33TEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY WATLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 13, 2009)**

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Anthony Watley was charged in a superseding indictment with being a

convicted felon in possession of firearms, 18 U.S.C. §§ 922(g)(1) and 924(a)(2); possessing cocaine with intent to distribute, 21 U.S.C. § 841(a)(1) and (b)(1)(C); and possessing a firearm in furtherance of a drug trafficking offense, 18 U.S.C. § 924(c)(1). He was tried by a jury and convicted on all three counts.

On appeal, Watley first argues that the district court abused its discretion by admitting evidence of prior controlled drug buys not alleged in the superseding indictment. Second, Watley argues that the district court abused its discretion by declining to require that the government disclose the identity of the confidential informant ("CI") who participated in the prior controlled buys. Finally, he argues that the cumulative effect of evidentiary errors deprived him of a fair trial. Finding no reversible error, we affirm.

## I. EVIDENCE OF PRIOR CONTROLLED DRUG BUYS

Watley argues that the district court abused its discretion by admitting evidence of prior controlled drug buys not charged in the indictment. He argues that the evidence was extrinsic and that the government failed to provide notice, as required by the Federal Rules of Evidence, that it intended to admit that extrinsic evidence. He argues that the evidence of prior controlled buys was extrinsic evidence because the indictment charged him with cocaine possession on May 22, 2007, and evidence of prior drug sales on April 30, 2007 and May 18, 2007 was

2

not necessary to complete the story or explain the circumstances to the jury.

Alternatively, he argues that the evidence should have been excluded because (1) it was not relevant; (2) the government did not prove that he sold drugs on the prior occasions; and (3) the probative value of showing that someone sold cocaine to the CI on those two occasions was outweighed by the prejudice of the inference that Watley had made those sales.

We generally review a district court's evidentiary rulings for a clear abuse of discretion, "revers[ing] only if the resulting error affected the defendant's substantial rights." *United States v. Tinoco*, 304 F.3d 1088, 1119 (11th Cir. 2002) (quotation omitted). "Evidence of other . . . acts is not admissible to prove . . . action in conformity therewith. It may, however, be admissible for other purposes . . . provided that upon request by the accused, the prosecution . . . provide[s] reasonable notice . . . of the general nature of any such evidence it intends to introduce at trial." FED. R. EVID. 404(b).

"Evidence of criminal activity other than the charged offense is not extrinsic under Rule 404(b) if it is . . . necessary to complete the story of the crime, or [] inextricably intertwined with the evidence regarding the charged offense." *United States v. Wright*, 392 F.3d 1269, 1276 (11th Cir. 2004) (citation omitted). Relevant evidence "may be excluded if its probative value is substantially outweighed by the

3

danger of unfair prejudice . . . ." FED. R. EVID. 403. In reviewing Rule 403 determinations, we "look at the evidence in a light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial impact." *Tinoco*, 304 F.3d at 1120 (quotation omitted).

Since Watley was charged with possessing cocaine with intent to distribute, the government was entitled to establish, through circumstantial evidence, Watley's knowledge of the cocaine at the house and knowledge of, if not direct participation in, the drug distributions that occurred there. *See United States v. Hernandez*, 896 F.2d 513, 520 (11th Cir. 1990) (knowledge, possession, and intent to distribute "can be proven by . . . circumstantial evidence"). The evidence of prior controlled buys explained Watley's knowledge of the drugs and their distribution at the house. It also explained why the Jacksonville Sheriff's Off ce continued investigating the house and obtained a search warrant. Since the evidence was relevant and necessary to complete the story for the jury, it was not extrinsic evidence under Rule 404(b), and the government was not required to provide notice under that rule.

Nor was the evidence unfairly prejudicial under Rule 403. The government was entitled to prove its case circumstantially. The evidence could negate an inference that the drugs belonged to someone else, or that someone else was selling

4

drugs at the house. Thus, the evidence was not unfairly prejudicial. The district court did not clearly abuse its discretion by admitting it.

## II. DISCLOSING THE CI'S IDENTITY

Watley argues that once the prior controlled drug buys became an issue in the case, the district court's refusal to compel the disclosure of the CI's identity deprived him of his Sixth Amendment right to present a defense. He argues that the CI could have significantly assisted his defense that the drugs and guns belonged to someone else, and that the government did not establish its interest in not disclosing the CI's identity.

"We review the denial of a motion to disclose the identity of a confidential informant under an abuse of discretion standard." *United States v. Gutierrez*, 931 F.2d 1482, 1490 (11th Cir. 1991). The government has a limited privilege not to disclose the identity of its informants. *Id.* "If disclosure is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Id*. (quotation omitted). In determining whether disclosure of an informant's identity is required, the district court conducts a balancing test, "focus[ing] . . . on three factors: the extent of the informant's participation in the criminal activity, the directness of the relationship between the defendant's asserted defense and the probable testimony of the informant." *Id*.

(quotation omitted).

Here, the district court appropriately weighed the three factors. The record shows that the CI was not involved in the events of May 22, when Watley was found to have possessed cocaine with intent to distribute. It further shows that the CI conducted two prior controlled buys that were not charged in the indictment. Those prior buys established that someone was selling cocaine at the house. Thus, the CI was neither a mere tipster nor directly involved in the charged offense.

The first factor – the CI's involvement, then, does not clearly indicate whether the CI's identity should have been disclosed. Nonetheless, regarding the third factor, the Jacksonville Sheriff's Office had used that particular CI for many years. It intended to continue using the CI, implying that disclosing the CI's identity would compromise future drug investigations. Thus, the government had a strong interest in not disclosing the CI's identity.

Regarding the second factor, Watley argues that the relationship between the CI's testimony and his defense favored disclosure because the CI's testimony was crucial to his misidentification defense. But Watley did not introduce any evidence raising a strong inference of misidentification based on the frequency that other persons visited the house. The government, moreover, indicated that, if called to testify, the CI would identify Watley as the person who sold the drugs on April 30

6

and May 18.

Although the court did not question the CI, it appears that the CI's testimony would have hurt, not helped, Watley's defense. Thus, Watley did not meet his burden to show that the CI's testimony would significantly aid his misidentification defense, and his argument that the CI could testify that someone else sold the drugs was "[m]ere conjecture" and "insufficient to compel disclosure." *See id*. at 1491. In light of the foregoing, the district court did not abuse its discretion by not compelling the government to disclose the CI's identity.

### III. CUMULATIVE ERROR

Watley argues that the cumulative effective of the court's evidentiary rulings deprived him of a fair trial. We will reverse a conviction if the cumulative effect of evidentiary errors was prejudicial, even if each individual error was harmless. *United States v. Baker*, 432 F.3d 1189, 1203 (11th Cir. 2005). "If there are no errors or a single error, there can be no cumulative error." *United States v. Waldon*, 363 F.3d 1103, 1110 (11th Cir. 2004) (per curiam) (quotations omitted). Because the district court did not err by admitting evidence of prior controlled buys or by refusing to disclose the CI's identity, we find no cumulative error here.

### IV. CONCLUSION

After carefully reviewing the parties' briefs and the record, we find no

reversible error.  Accordingly, we affirm Watley's convictions.

**AFFIRMED.**